IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MEL HERNANDEZ, BRENDA KAY PRINCE, JOHN M. ROSS, EDWARD SIMS, JR., <br><br>    Plaintiffs, <br><br>    v. <br><br> YUBA COMMUNITY COLLEGE DISTRICT, ALBERT ALT, CHRISTOPHER WILKINSON, et al., <br><br>    Defendants. | CIV-S-06-1171 DFL GGH <br> CIV-S-06-1193 DFL GGH <br> CIV-S-06-1194 DFL GGH <br> CIV-S-06-1185 DFL GGH <br><br> MEMORANDUM OF OPINION <br> AND ORDER |
|---|---|

Defendants have filed motions to dismiss all of plaintiffs' claims.  Plaintiffs acquiesce to dismissal of their federal claims, and seek remand of their state-law claims to state court. Defendants oppose plaintiffs' motions for remand and move to dismiss all of plaintiffs' claims.  For the reasons stated below, the court GRANTS defendants' motions to dismiss plaintiffs' §§ 1983 and 1985 claims WITH PREJUDICE.  Without reaching defendants' motions to dismiss plaintiffs' state-law claims, the court REMANDS those claims to state court.

-1-

I.

In April 2006, four former Yuba Community College District ("District") employees sued the District, the police chief, and other District officials in California Superior Court for employment discrimination. Mel Hernandez ("Hernandez"), a former campus police officer, sued for race and age discrimination under the California Fair Housing and Employment Act, violation of public policy, intentional and negligent infliction of emotional distress, violation of U.S.C. §§ 1983 and 1985, and defamation and slander. Edward Sims, Jr. ("Sims"), also a former campus police officer, brought nearly identical claims for race discrimination. Brenda Kay Prince ("Prince"), a former custodian for the District, brought similar age and gender discrimination claims. Finally, John M. Ross ("Ross"), a retired campus police officer, brought similar claims for race and age discrimination. All four plaintiffs have the same lawyer.

Defendants timely filed notices of removal based on federal question jurisdiction on June 1, 2006. (Id. ¶ 2.) This court issued an order relating the four plaintiffs' cases on June 8, 2006, the same day defendants filed the pending motions to dismiss.

On June 16, 2006, plaintiffs filed documents entitled "Stipulation for Dismissal of the 6th and 7th Causes of Action [the §§ 1983 and 1985 claims], and to Remand to State Court." The documents "stipulate" to dismissal of plaintiffs' federal claims and assert that "said Stipulation and Dismissal removes

1  the basis for Federal jurisdiction." (E.g., Hernandez Stip. for
2  Dismissal at 1.)  The same day, defendants filed objections to
3  plaintiffs' stipulations, stating that they never agreed to any
4  stipulations, that plaintiffs cannot deprive this court of
5  jurisdiction by dismissing their federal claims after removal,
6  and that plaintiffs' stipulations are an attempt to "avoid an
7  adverse ruling on [d]efendants' motion[s] to dismiss."  (Obj. to
8  Stip. at 1-2.)

## II.

10   As defendants point out, plaintiffs' "stipulations"
11 are not really stipulations, because defendants never agreed to
12 them.  (Obj. to Stip. at 1.)  Rather, they are properly viewed as
13 statements of nonopposition to defendants' motions to dismiss
14 plaintiffs' federal claims.

15   Because they are unopposed, the court grants defendants'
16 motions to dismiss plaintiffs' §§ 1983 and 1985 claims.  The
17 claims are dismissed with prejudice. See Otto v. Blue Shield of
18 Cal., No. C-96-4079-VRW, 1997 WL 16303, at *1 (N.D. Cal. Jan 10,
19 1997) (dismissing plaintiff's claims with prejudice because
20 "[plaintiff] has made a tactical decision to abandon [her
21 federal] claim in favor of a preferable forum; she has that
22 option, but she is not entitled to force the defendants to repeat
23 the removal process.").

24   Given dismissal of the federal claims, plaintiffs move for
25 remand of their remaining state-law claims.  "It is well settled
26 that a federal court does have the power to hear claims that

-3-

would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205 (9th Cir. 1991) (citations and internal quotation marks omitted).  Nevertheless, a federal court may dismiss or remand pendent state-law claims if all federal claims have dropped out of the case and the court concludes that retaining jurisdiction would be inappropriate. <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 351 (1988); <u>see</u> <u>Harrell</u>, 934 F.2d at 205 (noting that district court has discretion to keep or remand state-law claims).  Under 28 U.S.C. § 1367(c), remand of the remaining state law claims is appropriate given that the "court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3). Moreover, contrary to a suggestion by defendants', plaintiffs' conduct does not constitute unfair forum manipulation any more than defendants' decision to remove the cases.

///

///

///

///

///

///

///

///

///

III.

Plaintiffs' §§ 1983 and 1985 claims are DISMISSED WITH PREJUDICE.  Their remaining claims are REMANDED to state court pursuant to 28 U.S.C. § 1367.

IT IS SO ORDERED.

Dated: 9/14/2006

_____
DAVID F. LEVI
United States District Judge